UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

| | |
|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company | CIVIL ACTION NO. |
| Plaintiff | JUDGE |
| v. | MAGISTRATE JUDGE |
| DILIP KAPADIA, d/b/a SILVER DREAMS & STERLING THINGS | SECTION "__" (__) |
| Defendant | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Silver Dream, LLC submits this Complaint for Trademark Infringement against Defendant Dilip Kapadia d/b/a Silver Dreams & Sterling Things.

### NATURE OF ACTION

1.  This action is for willful federal trademark infringement, federal trademark counterfeiting, federal trademark dilution, federal unfair competition, state trademark infringement in violation of LA. REV. STAT. § 51:222, trademark dilution under LA. REV. STAT. § 521:223.1, and unfair trade practices in violation of LA. REV. STAT. § 51:1401 *et seq.*

### THE PARTIES

2.  Plaintiff Silver Dream, L.L.C. ("Silver Dream") is a Louisiana limited liability company having its principal place of business at 8004 Willow Street, New Orleans, Louisiana. Silver Dream designs, markets and sells jewelry. Silver Dream's products are sold throughout the United States, including the Eastern District of Louisiana.

3. Silver Dream owns all right, title and interest in and to U.S. Trademark Registration No. 3,257,446 for the mark SILVER DREAM (the "SILVER DREAM Mark") in connection with jewelry.

4. Upon information and belief, Dilip Kapadia ("Kapadia") is an individual residing in Paramus, New Jersey, doing business as Silver Dreams & Sterling Things in connection with the wholesale of sterling silver jewelry.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act]; 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks]; and 28 U.S.C. § 1367(a) [supplemental jurisdiction over related actions arising under state law].

6. The Court has personal jurisdiction over the defendant because he committed and continues to commit willful trademark infringement in the State of Louisiana and in this judicial district.

7. Venue lies in the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. §1391(b) and §1391(c) and 28 U.S.C. 1400(a) and (b) because a substantial part of the events and omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. Silver Dream, through its members Joseph and Lety Tumulty, has operated a wholesale jewelry design business out of New Orleans for more than a decade. Silver Dream creates original jewelry designs and sells, markets, and promotes its jewelry to retailers in New Orleans, Louisiana and across the United States under the SILVER DREAM Mark.

9. Silver Dream first began marketing and selling jewelry under the SILVER DREAM Mark in 2001 and has continuously used the designation since.

10. Silver Dream obtained federal registration of the SILVER DREAM Mark in 2007, and the registration of SILVER DREAM Mark has become incontestable.

11. Silver Dream has used the SILVER DREAM Mark in interstate commerce.

12. Silver Dream has invested significant amounts of capital and substantial amounts of time and effort toward the production, marketing and promotion of merchandise bearing the SILVER DREAM Mark.  These efforts have resulted in the wide recognition of the SILVER DREAM Mark throughout the United States.

13. Silver Dream's SILVER DREAM Mark is inherently distinctive.

14. Silver Dream has extensively advertised its goods using the SILVER DREAM Mark since 2001.

15. Silver Dream has routinely enforced its rights in the SILVER DREAM Mark over the years.

### DEFENDANT'S INFRINGING CONDUCT

16. Silver Dream first learned of Defendant's infringing conduct on August 19, 2016, when Silver Dream owner Joseph Tumulty witnessed Defendant Kapadia personally selling and marketing jewelry under the infringing "Silver Dreams & Sterling Things" mark at the Helen Brett New Orleans Gift and Jewelry Show in New Orleans, Louisiana.

17. Upon learning of Defendant's infringing activity, Mr. Tumulty approached Kapadia, informed Kapadia that Kapadia's sales activity infringed the SILVER DREAM Mark, and informed Kapadia that Kapadia must cease and desist use of the "Silver Dreams & Sterling Things" mark in connection with Kapadia's jewelry wholesale business.

18. Kapadia responded to Mr. Tumulty by refusing to cease and desist the infringing activities, expressing his intention to continue his infringing activities in the future, and indeed continuing to sell merchandise under the "Silver Dreams & Sterling Things" mark for the next three days of the Helen Brett New Orleans Gift and Jewelry Show.

19. Customers are likely to be confused that jewelry being sold by Kapadia is somehow affiliated with or approved by Silver Dream, when it is not.

20. Defendant's infringing conduct is depriving Silver Dream of the absolute right to control the quality of the SILVER DREAM Mark.  Silver Dream has spent more than a decade building up goodwill and value associated with the SILVER DREAM Mark, which Defendant is now jeopardizing.  Silver Dream cannot control this goodwill while Defendant continues to infringe upon the SILVER DREAM Mark.

21. In addition, Defendant's infringement is damaging to Silver Dream's reputation. Defendant's blatant infringing conduct conveys to the public and to the marketplace the Silver Dream's intellectual property can be taken advantage of and that its valuable brand can be used in a manner that is detrimental to its business.

22. Upon information and belief, on April 26, 2016, without permission, Defendant registered the domain name [www.sterlingsilverdreams.com](www.sterlingsilverdreams.com) (the "Infringing Domain"), which incorporates Silver Dream's SILVER DREAM Mark.

23. Defendant registered the Infringing Domain long after Silver Dream's first use of the SILVER DREAM Mark in 2001.

24. On its face, the Infringing Domain is substantially identical, and confusingly similar, to the SILVER DREAM Mark.  Specifically, the Infringing Domain consists entirely of

the dominant distinctive component of the SILVER DREAM Mark, namely, the "Silver Dream" word combination.

25. Defendant advertises the Infringing Domain on his business cards and business signage.

26. Defendant has thus used the Infringing Domain to divert Internet users looking for the goods associated with the SILVER DREAM Mark by use of a domain name that is substantially and confusingly identical to Silver Dream's SILVER DREAM Mark.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (REGISTERED MARKS)
### 15 U.S.C. § 1114(1)

27. In Silver Dream's first ground for relief, Silver Dream alleges violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Silver Dream repeats and re-alleges the allegations of paragraphs 1 through 26, as though fully set forth herein.

28. The SILVER DREAM Mark is a valid and incontestable trademark, identifying the source of goods provided by Silver Dream under the SILVER DREAM Mark. Silver Dream is the senior user of the SILVER DREAM Mark in connection with the goods at issue in this lawsuit.

29. Defendant has actual notice of the SILVER DREAM Mark.

30. Defendant's unauthorized and infringing conduct is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's goods by Silver Dream. The consuming public and the trade are likely to believe that Defendant's goods originate with Silver Dream, are licensed, sponsored, or approved by Silver Dream, or in some way are connected with or related to Silver Dream.

31. Defendant's unauthorized and infringing conduct constitutes intentional and willful infringement of Silver Dream's rights in and to their federally registered SILVER DREAM Mark, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)

32. In Silver Dream's second ground for relief, Silver Dream alleges violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Silver Dream repeats and re-alleges the allegations of paragraphs 1 through 31, as though fully set forth herein.

33. As a result of the duration, extent, and geographical reach of Silver Dream's use of the SILVER DREAM Mark, and the publicity and advertising associated with the SILVER DREAM Mark, the SILVER DREAM Mark has achieved an extensive degree of distinctiveness and are famous marks under the Lanham Act, 15 U.S.C. § 1125(c). The SILVER DREAM Mark is widely-recognized by the consuming public as a designation of source of Silver Dream's goods.

34. Defendant began using a designation substantially indistinguishable to the SILVER DREAM Mark in interstate commerce in connection with Defendant's goods and services long after the SILVER DREAM Mark became famous and distinctive.

35. Defendant's use of a designation substantially indistinguishable to the SILVER DREAM Mark dilutes, or is likely to dilute, by blurring the distinctive quality of Silver Dream's famous SILVER DREAM Mark and by tarnishing the reputation of Silver Dream and the SILVER DREAM Mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

36. These acts have caused, and unless restrained by the Court will continue to cause, serious and irreparable injury to Silver Dream, for which Silver Dream has no adequate remedy at law.

## COUNT III
### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

37. In Silver Dream's third ground for relief, Silver Dream alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Silver Dream repeats and re-alleges the allegations of paragraphs 1 through 36, as though fully set forth herein.

38. Defendant's unauthorized use of "Silver Dreams", as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendant's services as originating from or being connected with Silver Dream, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendant's affiliation, connection, or association with Silver Dream, or as to the origin, sponsorship, or approval of Defendant's goods and services by Silver Dream in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. These acts have occurred in interstate commerce and have caused, and unless restricted by the Court will continue to cause, serious and irreparable injury to Silver Dream, for which Silver Dream has no adequate remedy of law.

## COUNT IV
### STATE UNFAIR TRADE PRACTICES

40. In Silver Dream's fourth count, Silver Dream alleges violation of La. Rev. Stat. § 51:1401 et seq., for unfair methods of competition and unfair and deceptive acts or practices.

Silver Dream repeats and re-alleges the allegations of paragraphs 1 through 39, as fully set forth herein.

41. Defendant's aforesaid activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of La. Rev. Stat. § 51:1405, and to Silver Dream's irreparable harm.

42. Pursuant to La. Rev. Stat. § 51:1409, Silver Dream is entitled to recover from Defendant all actual damages sustained by Silver Dream as a result of Defendant's prior acts. Silver Dream is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

43. Unless enjoined, Defendant's unfair methods of competition, and unfair and deceptive acts and practices will cause Silver Dream further irreparable harm, and Silver Dream is entitled to injunctive relief, pursuant to, inter alia, La. Rev. Stat. §§ 51:1407 and 51:1408.

## COUNT V
### CYBERSQUATTING
### 15 U.S.C. § 1125(d)

44. In Silver Dream's fifth ground for relief, Silver Dream alleges violation of 15 U.S.C. § 1125(d). Silver Dream repeats and re-alleges the allegations of paragraphs 1 through 43, as though fully set forth herein.

45. Defendant registered and used the Infringing Domain.

46. The SILVER DREAM Mark is distinctive and has been actively used to advertise, promote, and market Silver Dream's services since 2001, fifteen years before Defendant registered and used the Infringing Domain.

47. The Infringing Domain is substantially similar to the SILVER DREAM Mark.

48.     Defendant does not have any intellectual property rights or any other rights in the SILVER DREAM Mark.

49.     Defendant has registered and/or used the Infringing Domain in bad faith and with a bad faith intent to profit from the goodwill long established by Silver Dream in the SILVER DREAM Mark, as evidenced by Defendant's inclusion of the Infringing Domain on his business card and business signage.  Further, by incorporating the SILVER DREAM Mark into the Infringing Domain, Defendant is diverting Internet users looking for the goods associated with the SILVER DREAM Mark.

50.     Defendant's registration, use, or trafficking in the Infringing Domain constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief, including but not limited to, attorney's fees under 15 U.S.C. § 1117(a), defendant's profits, actual damages and costs of the action, or statutory damages under 15 U.S.C. § 1117(d) in an amount of ($100,000), as well as injunctive relief pursuant to 15 U.S.C. § 1116.

## PRAYER FOR RELIEF

Silver Dream, L.L.C. prays for relief as follows:

A.      A preliminary and permanent injunction against continued infringement of the SILVER DREAM Mark by Defendant and all persons operating in concert with Defendant;

B.      An injunction directing Defendant to transfer the Infringing Domain to Silver Dream;

C.      An accounting for and award of damages resulting from Defendant's sale, offer for sale and marketing of its infringing goods and services;

D.      An award of treble damages against Defendant;

E.      An assessment of interest on the damages;

F.	An award of plaintiff's costs, expenses and attorney fees in this action; and

G.	Such other and further relief as the Court deems appropriate.


Dated: August 22, 2016					Respectfully submitted,

							 /s/ Richard T. Sahuc_____
							GREGORY D. LATHAM (#25955)
							GLATHAM@IPLAWCONSULTING.COM

							RICHARD T. SAHUC (#29668)
							RSAHUC@IPLAWCONSULTING.COM

							INTELLECTUAL PROPERTY CONSULTING, LLC
							334 Carondelet Street, Suite B
							New Orleans, LA 70130
							Telephone: 504.322.7166
							Facsimile: 504.322.7184
							***Attorneys for Silver Dream, L.L.C.***